JOYCELYN ADAMS, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-04263-RWS
MORTGAGE ELECTRONIC :
REGISTRATION SYSTEMS INC., :
COUNTRYWIDE HOME LOANS :
INC., BAC, BANK OF AMERICA, :
and THE BANK OF NEW YORK :
AS TRUSTEE FOR THE :
CERTIFICATE HOLDERS OF :
THE CSWABS INC ASSET- :
BACKED CERTIFICATES :
SERIES 2005-4, :
:
    Defendants. :

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss by

Special Appearance ("Motion to Dismiss") [2] and Plaintiff's Motion for Leave

to Amend Complaint [8]. After a review of the record, the Court enters the

following Order.

### Background

This case arises out of the foreclosure of Plaintiff Joycelyn Adams's

home.  Accepting Plaintiff's allegations as true, the facts are as follows.[1]

In 2005, Plaintiff executed a promissory note (the "Note") in favor of Defendant Countrywide Home Loans Inc. ("Countrywide") to finance the purchase of her home, located at 3718 Burling Ridge, Lithonia, Georgia 30038. Proposed Am. Compl. ("Prop. Am. Compl."), Dkt. [8-1] ¶¶ 7-9.  To secure her promise to repay, Plaintiff executed a security deed (the "Security Deed") in favor of Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for Defendant Countrywide.  Id. ¶ 10.  Defendant MERS executed an assignment transferring its rights under the Security Deed to Defendant Bank of New York Mellon ("BNY Mellon") on July 13, 2011.  Id. ¶ 16.  To resolve a defect in the initial assignment, Defendant MERS executed another assignment to Defendant BNY Mellon on September 27, 2011 (the "Corrective Assignment").  Id. ¶¶ 17-18.

The Note required Plaintiff to make monthly payments of $1,100.  Id. ¶ 11.  Sometime in 2006, Plaintiff fell five months behind on her payments.  Id. Plaintiff and Defendant Countrywide then agreed that higher monthly payments of $1,850 for one year would "satisfy [Plaintiff's] arrears and keep her current

---

[1] Whether Plaintiff should be allowed to amend her Complaint is the issue before the Court.  Thus, the Court will assume the facts presented in Plaintiff's Proposed Amended Complaint [8-1] to be true.

payment in good standing." Id. ¶¶ 12-13. Plaintiff made the requested monthly

payments of $1,850 for one year, but Defendant Countrywide and subsequently

Defendant Bank of America Corporation ("Bank of America") continued

requiring Plaintiff to make higher monthly payments for at least two additional

years. Id. ¶¶ 12, 14-15. Sometime thereafter, Defendant Bank of America

required Plaintiff to pay $1,950 per month to keep her account in good standing,

which Plaintiff did. Id. ¶¶ 14-15.

On November 1, 2011, Defendant BNY Mellon conducted a foreclosure

sale of Plaintiff's home. Id. ¶¶ 15. On November 7, Plaintiff filed a pro se

action (the "Complaint") in the Superior Court of DeKalb County, seeking to set

aside the foreclosure. On December 9, Defendants timely removed the case to

this Court and filed their Motion to Dismiss by Special Appearance [2] for

failure to state a claim for which relief can be granted, pursuant to Federal Rule

of Civil Procedure 12(b)(6).

Plaintiff subsequently retained counsel and moved for an extension of

time to file a motion for leave to amend her Complaint, which the Court granted

on January 26, 2012. On January 30, Plaintiff filed the present Motion for Leave

to Amend Complaint [8]. In the Proposed Amended Complaint, Plaintiff alleges

claims for (1) breach of contract, (2) breach of the implied covenant of good

AO 72A
(Rev.8/82)

faith and fair dealing, (3) fraudulent misrepresentation, (4) negligent misrepresentation, and (5) wrongful foreclosure. Plaintiff requests declaratory and injunctive relief, as well as an equitable accounting, punitive damages, and attorney's fees.

## Discussion

## I. Plaintiff's Motion for Leave to Amend Complaint [8]

### A. Legal Standard

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Otherwise, under Rule 15(a)(2), which governs Plaintiff's Motion in this case, the party must seek leave of court or the written consent of the opposing parties to amend. Rule 15(a)(2) directs the Court to "freely give leave when justice so requires." Despite this instruction, however, leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[2] The trial court has "extensive discretion" in deciding whether

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

to grant leave to amend.  <u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999).  A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." <u>Id.</u>  A claim is futile if it cannot withstand a motion to dismiss.  <u>Fla. Power & Light Co. v. Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520 (11th Cir. 1996); <u>see also</u> <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").  That is, leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1255 (11th Cir. 2008).

> **B.**   **<u>Analysis</u>**

In this case, Defendants oppose Plaintiff's Motion for Leave to Amend on the ground that the Proposed Amended Complaint is futile.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 7.  Thus, the Court must determine whether Plaintiff has stated plausible claims for relief, such that her Proposed Amended Complaint should be permitted.  The Court considers Plaintiff's claims in turn.

> *1.    Breach of Contract (Count One)*

In Count One of the Proposed Amended Complaint, Plaintiff alleges that Defendants Countrywide and Bank of America breached the terms of the loan

5

agreement by requiring Plaintiff to make higher monthly payments than those required under the terms of the Note.[3]  Prop. Am. Compl., Dkt. [8-1] ¶¶ 24-25, 27-28.  Defendants move to dismiss on grounds that Plaintiff has failed to plead sufficient facts to make a plausible showing of the essential elements of a breach of contract claim.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 8.

"Under Georgia law, a plaintiff states a claim for breach of contract when he alleges: (1) the parties had a contract, (2) which the defendant breached, and (3) the plaintiff suffered damages."  Brenner v. Future Graphics, LLC, No. 1:06-CV-0362-CAP, 2006 WL 6306540, at *4 (N.D. Ga. Nov. 14, 2006).  Taking Plaintiff's allegations as true, the Court finds that Plaintiff has pleaded sufficient facts to satisfy each of these elements and state a claim for breach of contract.

As an initial matter, the Court finds, and Defendants do not dispute, that Plaintiff sufficiently has alleged the first element of her breach of contract claim: the existence of a contract between the parties.  Specifically, Plaintiff alleges that she executed the Note and Security Deed as evidence of her loan agreement with

---

[3] Plaintiff also contends that Defendants Countrywide and Bank of America breached the loan agreement by allowing other entities to conduct a foreclosure sale when Plaintiff was not in arrears.  Prop. Am. Compl., Dkt. [8-1] ¶ 26.  The Court finds that this allegation does not give rise to a plausible claim for breach of the loan agreement on the part of Defendants Countrywide and Bank of America.

Defendant Countrywide.  Prop. Am. Compl., Dkt. [8-1] ¶¶ 8-10.  The Court also finds that Plaintiff has alleged damages in an amount to be determined at trial. Id. ¶ 27.

Defendants contend, however, that the breach of contract claim is futile because Plaintiff has not adequately alleged breach.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 8-9.  Plaintiff admits that she had fallen five months behind on her loan payments.  Prop. Am. Compl., Dkt. [8-1] ¶ 11.  She also alleges, however, that Defendants Countrywide and Bank of America agreed that if Plaintiff increased her monthly payments from $1,100 to $1,850 for one year, she could "satisfy the arrears and keep her current payment in good standing." Id. ¶ 12.  Indeed, the Security Deed explicitly provided for a notice and cure period before the debt would be accelerated and the power of sale exercised. Sec. Deed, Dkt. [10-1] at 10.[4]  Plaintiff further alleges that she satisfied her account deficiency by making these higher payments, and that Defendants Countrywide and Bank of America nonetheless used threats of foreclosure to

---

[4] The Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . .  Public records are among the permissible facts that a district court may consider.") (citations omitted).

AO 72A
(Rev.8/82)

continue extracting the higher monthly payments.  Prop. Am. Compl., Dkt. [8-1]

¶¶ 13-14, 25.  These allegations are sufficient to make a plausible showing that

Defendants Countrywide and Bank of America breached the terms of the

mortgage agreement.

Defendants, on the contrary, argue that Plaintiff cannot state a claim for

breach of contract because Plaintiff could not have satisfied her account

deficiency even by making the $1,850 payments.  Resp. to Mot. for Leave to

Amend, Dkt. [10] at 8-9.  In other words, Defendants attack Plaintiff's theory on

the merits.  In considering whether Plaintiff has stated a claim, however, the

Court must accept as true all well-pleaded factual allegations and determine

whether, based on these allegations, Plaintiff has pleaded a plausible entitlement

to relief.  Accepting as true the allegation that Defendants continued to demand

and obtain increased payments after Plaintiff had cured her default, the Court

finds that Plaintiff has sufficiently alleged a breach.

Defendants also argue that any agreement they may have entered into

allowing Plaintiff to cure her default with higher monthly mortgage payments

would constitute a modification of the loan agreement, which modification

would have to be in writing to satisfy the statute of frauds.  Id. at 9-11.  The

Court finds this argument to be of no avail.  In this case, Plaintiff does not allege

that Defendants orally modified her original loan agreement and then breached the terms of the modification agreement.  On the contrary, she alleges that Defendants "breached the terms of the Mortgage Loan."  Prop. Am. Compl., Dkt. [8-1] ¶¶ 25-26.  Because the original mortgage loan agreement is in writing, the statute of frauds is no bar to Plaintiff's claims.

Finally, Defendants argue that the doctrine of laches bars Plaintiff's breach of contract claim.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 11-13.  This defense, however, requires a consideration of facts not before the Court.  See Kidd v. First Commerce Bank, 591 S.E.2d 369, 373 (Ga. Ct. App. 2003) ("Whether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the claimant or the adverse party possessed the property during the delay.") (citation omitted).  Given that the task before the Court is only to determine the plausibility of Plaintiff's claims, Defendants' laches argument is premature.

In sum, the Court finds that Plaintiff has stated a plausible claim for breach of contract.  Plaintiff's Motion for Leave to Amend **[8]** is therefore

**GRANTED** as to this claim, to the extent the claim is based on Defendants Countrywide and Bank of America's alleged use of threats of foreclosure, despite the fact that Plaintiff was not in arrears, to obtain higher monthly mortgage payments. The Motion is **DENIED** to the extent the breach of contract claim is based on the allegation that Defendants Countrywide and Bank of America allowed other entities to foreclose.

    2.    *Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two)*

In Count Two of the Proposed Amended Complaint, Plaintiff asserts a claim against Defendants Countrywide and Bank of America for breach of the implied covenant of good faith and fair dealing. Prop. Am. Compl., Dkt. [8-1] ¶¶ 29-33. Defendants contend that the implied covenant of good faith and fair dealing does not provide an independent cause of action apart from one for breach of contract, and therefore that this claim is futile. Resp. to Mot. for Leave to Amend, Dkt. [10] at 14.

In Georgia, "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." <u>Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc.</u>, 662 S.E.2d 745, 748 (Ga. Ct. App. 2008). As Defendants correctly contend, this

implied covenant cannot be breached independently of other terms of the contract. See Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) ("[The implied covenant of good faith and fair dealing] is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure. But it is not an undertaking that can be breached apart from those terms.") (citations omitted). "Thus, in order to state a claim for breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement." Am. Casual Dining, LP v. Moe's Sw. Grill, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006); see also TechBios, Inc. v. Champagne, 688 S.E.2d 378, 381 (Ga. Ct. App. 2009) (denying motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing after finding that plaintiff had stated a claim for breach of contract).

In light of the Court's finding, explained in Part I.B.2 above, that Plaintiff has stated a claim for breach of contract, the Court finds that Plaintiff has stated a claim for breach of the implied covenant of good faith and fair dealing. Thus, Plaintiff's Motion for Leave to Amend **[8]** is **GRANTED** as to this claim.

   *3.    Fraudulent Misrepresentation (Count Three)*

In Count Three of the Proposed Amended Complaint, Plaintiff asserts a

11

claim for fraudulent misrepresentation against Defendants Countrywide and

Bank of America, alleging that Defendants deliberately misrepresented to her

that by making higher monthly mortgage payments, Plaintiff could cure her

default.  Prop. Am. Compl., Dkt. [8-1] ¶¶ 34-37.  Defendants move to dismiss on

the ground that Plaintiff has failed to plead this claim with particularity as

required by Federal Rule of Civil Procedure 9(b).  Resp. to Mot. for Leave to

Amend, Dkt. [10] at 15.

      To state a claim for fraudulent misrepresentation under Georgia law,

Plaintiff must allege: "(1) false representation by a defendant; (2) scienter; (3)

intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance

by the plaintiff; and (5) resulting damage to the plaintiff."  Swicegood v. Pliva,

Inc., 543 F. Supp. 2d 1351, 1355 (N.D. Ga. 2008) (citing Potts v. UAP-GA AG

CHEM, Inc., 567 S.E.2d 316, 320 (Ga. Ct. App. 2002)).  Federal Rule of Civil

Procedure 9(b) further requires fraud claims to be stated with particularity.

"[U]nder Rule 9(b), the Plaintiff[] must allege (1) the precise statements,

documents, or misrepresentations made; (2) the time, place, and person

responsible for the statement; (3) the content and manner in which these

statements misled the Plaintiffs; and (4) what the defendants gained by the

alleged fraud." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997).

The Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for fraudulent misrepresentation under Georgia law. Specifically, Plaintiff alleges that Defendants "willfully and intentionally" misrepresented that higher monthly payments would bring her account to good standing; that Plaintiff was required to continue making the higher payments after she had already cured her default; and that Plaintiff relied on these misrepresentations to her detriment. Prop. Am. Compl., Dkt. [8-1] ¶¶ 34-37. Nevertheless, the Court finds that Plaintiff has failed to allege when the alleged misrepresentations occurred, and thus has failed to satisfy the particularity requirements of Rule 9(b). As Defendants point out, Plaintiff's failure to plead the precise date of the alleged misrepresentations renders Defendants unable to assert a potential statute of limitations defense. Resp. to Mot. for Leave to Amend, Dkt. [10] at 16-17. Given this failing, but in light of the allegations suggesting a plausible claim, the Court will allow Plaintiff fourteen (14) days to amend this Count of the Proposed Amended Complaint to plead the alleged misrepresentations with greater particularity.

AO 72A
(Rev.8/82)

*4.     Negligent Misrepresentation (Count Four)*

In Count Four of the Proposed Amended Complaint, Plaintiff asserts a claim of negligent misrepresentation against Defendants Countrywide and Bank of America, alleging that she reasonably relied to her detriment on Defendants' statements that making higher monthly payments would satisfy her account deficiency.  Prop. Am. Compl., Dkt. [8-1] ¶¶ 38-41.  Defendants argue that Plaintiff has failed to state a claim for negligent misrepresentation because she relies on statements of future intent rather than present fact.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 17.  Defendants also argue that Plaintiff's failure to plead the date of the alleged misrepresentations leaves them unable to assert a potential statute of limitations defense.  Id. at 19.

"The essential elements of negligent misrepresentation are '(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.'"  Marquis Towers, Inc. v. Highland Grp., 593 S.E.2d 903, 906 (Ga. Ct. App. 2004) (quoting Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc., 479 S.E.2d 727, 729 (Ga. 1997)).

AO 72A
(Rev.8/82)

Defendants first argue that only statements of present fact—not statements of future intent—are actionable as negligent misrepresentation, and that the alleged statements here—i.e., that higher monthly payments would restore Plaintiff's account to good standing—are allegations of Defendants' future intent. Resp. to Mot. for Leave to Amend, Dkt. [10] at 18. The Court finds this argument to be without merit. The accused statements in this case are statements of existing fact: to cure her account deficiency, Plaintiff must make certain requested payments. No expression of future intent can be found in such an assertion. Cf. Snapping Shoals Elec. Membership Corp. v. RLI Ins. Corp., No. 105CV1714GET, 2005 WL 3434803, at *6 (N.D. Ga. Dec. 14, 2005) (finding statement of contractor's "current capability to complete the project" to support claim for negligent misrepresentation because it was a statement of existing fact rather than future conduct). Thus, the Court finds that Plaintiff has stated a plausible claim for negligent misrepresentation.

Defendants also argue that Plaintiff has failed to allege when the alleged misrepresentations occurred, thereby precluding a potential statute of limitations defense. Resp. to Mot. for Leave to Amend, Dkt. [10] at 19. The alleged misrepresentations forming the basis of Plaintiff's negligent misrepresentation claim are the same as those forming the basis of Plaintiff's fraudulent

15

misrepresentation claim.  In light of the Court's ruling above in Part I.B.3, granting Plaintiff additional time to amend her fraudulent misrepresentation claim to plead the misrepresentations with greater particularity, the Court will allow Plaintiff the same fourteen (14) days to amend her negligent misrepresentation claim to plead the alleged misrepresentations with particularity.

     5.    *Wrongful Foreclosure (Count Five)*

In Count Five of the Proposed Amended Complaint, Plaintiff asserts a claim for wrongful foreclosure against all Defendants based on allegations that (1) Plaintiff's mortgage loan was not in arrears at the time of foreclosure and that (2) Defendants lacked standing to exercise the Power of Sale provision in the Security Deed.  Prop. Am. Compl., Dkt. [8-1] ¶¶ 43-44.  Defendants argue that Plaintiff's first allegation—<u>i.e.</u>, that her loan was not in arrears at the time of foreclosure—is contradicted by the plain language of the Security Deed. Defendants also argue that, based on the Corrective Assignment, Defendant BNY Mellon had standing to foreclose.  Resp. to Mot. for Leave to Amend, Dkt. [10] at 20.

To state a claim for wrongful foreclosure, Plaintiff must allege "a legal duty owed to [P]laintiff by the foreclosing party, a breach of that duty, a causal

connection between the breach and the injury sustained, and damages." <u>Kabir v. Statebridge Co.</u>, 1:11-CV-2747-WSD, 2011 WL 4500050, at *3 (N.D. Ga. Sept. 27, 2011) (citing <u>All Fleet Refinishing, Inc. v. W. Ga. Nat. Bank</u>, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006)).  In Georgia, a foreclosing creditor has a duty to exercise fairly the power of sale provision in a security deed.  O.C.G.A. § 23-2-114 (2011); <u>see also</u> <u>DeGolyer v. Green Tree Servicing, LLC</u>, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) ("Where a grantee does not comply with the statutory duty under OCGA § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."); <u>Brown v. Freedman</u>, 474 S.E.2d 73, 75 (Ga. Ct. App. 1996 ) ("A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose.").

In the present case, Plaintiff alleges that "Defendants foreclosed on the Property notwithstanding the fact that Plaintiff was not in arrears at the time she began receiving statutory foreclosure notices." Prop. Am. Compl., Dkt. [8-1] ¶ 43.  This allegation is sufficient to plausibly show that Defendants breached their duty to exercise fairly the power of sale.  Accordingly, Plaintiff has stated a plausible claim for wrongful foreclosure based on this allegation.

AO 72A
(Rev.8/82)

As stated above, Plaintiff also predicates her wrongful foreclosure claim on the allegation that "Defendants lacked proper standing to exercise the Power of Sale provision in the Security Deed." Prop. Am. Compl., Dkt. [8-1] ¶ 44. According to Plaintiff, because Defendant MERS did not have the capacity to foreclose under the Security Deed, Defendant MERS could not have assigned that authority to Defendant BNY Mellon. Id. ¶ 22. Plaintiff further alleges that the Corrective Assignment was improper because (1) at least one of the individuals who signed on behalf of Defendant MERS had no affiliation with Defendant MERS, and (2) the trust to which Defendant BNY Mellon served as trustee "did not have the capacity to accept transfer of the Security Deed." Resp. to Mot. for Leave to Amend, Dkt. [10] at 20, 23.

This theory is without merit. The Court agrees with Defendants that the plain language of the Security Deed granted Defendant MERS and its successors and assigns "the right to foreclose and sell the Property." Sec. Deed, Dkt. [10-1] at 2-3. Because the Corrective Assignment transferred this right to Defendant BNY Mellon, Corr. Assign., Dkt. [10-3] at 1, said Defendant had authority to exercise the power of sale provision in the Security Deed. The Court further agrees with Defendants that Plaintiff is not a party to the Corrective Assignment and therefore has no standing to challenge its validity. See Breus v. McGriff,

413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("Appellants are strangers to the assignment contract . . . and thus have no standing to challenge its validity."). Thus, to the extent that Plaintiff's wrongful foreclosure claim rests on her challenges to the right to foreclose under the Security Deed or to the validity of the Corrective Assignment, Plaintiff's claim is futile.[5]

In sum, Plaintiff's Motion for Leave to Amend **[8]** is **GRANTED** as to her claim for wrongful foreclosure based on the allegation that Defendants breached the duty to exercise fairly the power of sale. To the extent Plaintiff's wrongful foreclosure claim relies on Defendants' rights to foreclose under the Security Deed or to the validity of the Corrective Assignment, Plaintiff's Motion is **DENIED**.

## II.    Defendants' Motion to Dismiss by Special Appearance [2]

In light of the Court's ruling granting Plaintiff's Motion for Leave to Amend Complaint [8], Defendants' Motion to Dismiss by Special Appearance **[2]** is **DENIED as moot**.

---

[5] Defendants also argue that Plaintiff's claim for wrongful foreclosure–predicated on either of Plaintiff's two theories–is futile because it is barred by the doctrine of laches. Resp. to Mot. for Leave to Amend, Dkt. [10] at 22-23. As explained <u>supra</u> in the discussion of Plaintiff's breach of contract claim, however, the Court at this time will not consider a potential defense of laches.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Leave to Amend Complaint **[10]** is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to Plaintiff's claim for breach of contract (Count One) based on Defendants Countrywide and Bank of America's alleged extraction of increased mortgage payments after Plaintiff had cure default. It is **DENIED** to the extent the breach of contract claim it rests on the allegation that Defendants Countrywide and Bank of America allowed other entities to foreclose when Plaintiff was not in arrears. It is **GRANTED** as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count Two). It is **GRANTED** as to Plaintiff's claim for wrongful foreclosure (Count Five) to the extent the claim is based on Defendants' alleged breach of the duty to exercise fairly the power of sale. It is **DENIED** to the extent the wrongful foreclosure claim relies on Defendants' alleged lack of standing to foreclose or the alleged invalidity of the Corrective Assignment. With regard to Plaintiff's claims for fraudulent and negligent misrepresentation (Counts Three and Four), the Court **GRANTS** Plaintiff fourteen (14) days **TO AMEND** the Proposed Amended Complaint to plead the alleged misrepresentations with greater particularity.

AO 72A
(Rev.8/82)

Finally, Defendants' Motion to Dismiss by Special Appearance **[2]** is

**DENIED as moot**.

      **SO ORDERED**, this  16th  day of April, 2012.


                                      _____
                                      RICHARD W. STORY
                                      UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)