# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOYCELYN ADAMS,

    Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; COUNTRYWIDE HOME LOANS INC.; BANK OF AMERICA; and THE BANK OF NEW YORK AS TRUSTEES FOR THE CERTIFICATE HOLDERS OF THE CSWABS INC ASSET-BACKED CERTIFICATES SERIES 2005-4,

    Defendants.

CIVIL ACTION NO.
1:11-CV-04263-RWS

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint by Special Appearance ("Motion to Dismiss") [14]. After reviewing the record, the Court enters the following Order.

## Background

**I.    Procedural Background**

This case arises out of the November 1, 2011 foreclosure of Plaintiff

Joycelyn Adams's home. On November 7, 2011, Plaintiff filed a pro se action in the Superior Court of DeKalb County, seeking to set aside the foreclosure. On December 9, 2011, Defendants timely removed the case to this Court and filed a Motion to Dismiss by Special Appearance [2] for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff subsequently retained counsel and moved for an extension of time to file a motion for leave to amend her Complaint, which the Court granted on January 26, 2012.

On January 30, 2012, Plaintiff filed her Motion for Leave to Amend the Complaint [8]. In the Proposed Amended Complaint, Plaintiff raised claims against all Defendants for breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); fraudulent misrepresentation (Count III); negligent misrepresentation (Count IV); wrongful foreclosure (Count V); and for attorneys' fees pursuant to O.C.G.A. § 13-6-11 (Count IX).[1]

The Court granted in part and denied in part Plaintiff's Motion for Leave to Amend. (Order, Dkt. [11] at 20.) First, the Court found that Plaintiff had

---

[1] Plaintiff also seeks an accounting (Count VI), declaratory and injunctive relief (Count VII), and punitive damages (Count VIII). These claims are requests for relief rather than affirmative causes of action and, therefore, survive Defendant's Motion to Dismiss.

2

stated a plausible claim for breach of contract against Defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America Corporation ("Bank of America"), based on their alleged extraction from Plaintiff of excessive mortgage payments after Plaintiff had cured her default; the Court accordingly granted Plaintiff's Motion for Leave to Amend with respect to that claim. (Id.) To the extent the breach of contract claim was based on a different theory (i.e., that Defendants wrongfully permitted MERS and BONY to foreclose), however, the Court found the claim to be futile and therefore denied Plaintiff's Motion to that extent. (Id.)

Second, the Court found that Plaintiff had stated a plausible claim for breach of the implied covenant of good faith and fair dealing and therefore granted Plaintiff's Motion with respect to that claim. (Id.) The Court also found that Plaintiff had stated a plausible claim for wrongful foreclosure, to the extent the claim was based on Defendants' alleged breach of the duty to exercise fairly the power of sale. (Id.) To the extent the claim was predicated on other theories (i.e., Defendants' lack of standing to foreclose or the alleged invalidity of the assignment of the Security Deed), however, the Court found the claim to be futile and therefore denied the Motion for Leave to Amend. (Id.)

3

With respect to Plaintiff's claim for fraudulent misrepresentation, the Court found–based on the allegations of the Proposed Amended Complaint–that Plaintiff likely could state a plausible claim; the Court concluded, however, that Plaintiff had failed to plead the claim with the particularity required by Rule 9(b). (Id.) Accordingly, the Court granted Plaintiff fourteen (14) days to re-plead the alleged misrepresentations with the particularity required by Rule 9(b). (Id.)

Finally, the Court found that Plaintiff had stated a plausible claim for negligent misrepresentation. (Id.) In opposition to Plaintiff's Motion for Leave to Amend, however, Defendants argued that due to Plaintiff's failure to plead the alleged misrepresentations with particularity, Defendants could not determine whether the negligent misrepresentation claim was barred by the applicable four-year statute of limitations. (Defs.' Resp. to Pl.'s Mot. for Leave to Amend, Dkt. [10] at 19.) Thus, in light of the fact that Defendants specifically raised the statute of limitations defense, the Court ordered Plaintiff to re-plead her negligent misrepresentation claim with greater specificity so as to demonstrate that the claim was not time-barred. (Order, Dkt. [11] at 15-16.) Plaintiff, having been granted leave to re-plead certain claims with greater

4

particularity, has filed her Amended Complaint [12], which is the subject of Defendants' Motion to Dismiss.

## II. Factual Background

Accepting the allegations of the Amended Complaint as true, as the Court must on a motion to dismiss,[2] the facts are as follows. In 2005, Plaintiff executed a promissory note (the "Note") in favor of Defendant Countrywide to finance the purchase of her home, located at 3718 Burling Ridge, Lithonia, Georgia 30038. (Am. Compl., Dkt. [12] ¶¶ 7-9.) To secure her promise to repay, Plaintiff executed a security deed (the "Security Deed") in favor of Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for Countrywide. (Id. ¶ 10.)

The Note required Plaintiff to make monthly payments of $1,100. (Id. ¶ 11.) Sometime in 2006, Plaintiff fell five months behind on her payments. (Id.) Plaintiff and Defendant Countrywide then agreed that higher monthly payments of $1,850 for one year would "satisfy [Plaintiff's] arrears and keep her current payment in good standing." (Id. ¶¶ 12-13.) Plaintiff made the requested monthly payments of $1,850 for one year, but Defendant Countrywide and

---

[2] Cooper v. Pate, 378 U.S. 546, 546 (1964).

5

subsequently Defendant Bank of America continued to require Plaintiff to make the higher monthly payments for at least two additional years. (Id. ¶¶ 13, 15.)

During the period of "approximately 2006 through October 2011," Defendants Countrywide and Bank of America "used the threat of foreclosure and the false promise of a permanent loan modification to require Plaintiff to remit monthly mortgage payments well in excess of the original terms of the [loan]." (Id. ¶¶ 13-14.) Defendants Countrywide and Bank of America communicated these threats and promises by way of "phone conferences and written correspondence." (Id. ¶ 14.) Further, "in the months leading up to the foreclosure," Defendant Bank of America required plaintiff to pay $1,950 per month to keep her account in good standing, which Plaintiff did. (Id. ¶ 15.) Nevertheless, on November 1, 2011, Defendant BONY conducted a foreclosure sale of Plaintiff's home. (Id. ¶ 16.)

Following the foregoing events, and as stated in the Procedural Background, supra, Plaintiff filed the Amended Complaint for breach of contract; breach of the implied covenant of good faith and fair dealing; fraudulent misrepresentation; negligent misrepresentation; wrongful foreclosure; and for attorney's fees under O.C.G.A. § 13-6-11. Defendants move to dismiss the Amended Complaint in its entirety as against Defendants

MERS and BONY, and move to dismiss certain claims against the remaining Defendants,[3] for failure to state a claim upon which relief can be granted and for failure to comply with the Court's earlier Order.[4] The Court sets out the legal standard governing a Rule 12(b)(6) motion to dismiss before considering Defendants' motion on the merits.

## Discussion

**I.   Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and

---

[3] In particular: Plaintiff's claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), fraudulent misrepresentation (Count III), negligent misrepresentation (Count IV), and for attorneys' fees (Count IX).

[4] Defendants also moved to dismiss the Amended Complaint pursuant to Rule 12(b)(5) for failure to effect service of process. However, Defendants have since withdrawn this argument. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss ("Defs.' Reply"), Dkt. [17] at 2.) Accordingly, the Court will consider only Defendants' Rule 12(b)(6) motion.

7

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

**II. Analysis**

As stated in the Background section, supra, Plaintiff's Amended Complaint raises claims against all Defendants for breach of contract; breach of the implied covenant of good faith and fair dealing; fraudulent misrepresentation; negligent misrepresentation; wrongful foreclosure; and for

8

attorneys' fees under O.C.G.A. § 13-6-11.  As a threshold matter, Plaintiff concedes that she "does not have any plausible claims against Defendant MERS and Defendant B[O]NY."  (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Resp."), Dkt. [16] at 2.)  Accordingly, the Amended Complaint is **DISMISSED** in its entirety as against Defendants MERS and BONY.  The Court now considers the Motion to Dismiss as to the remaining Defendants.

### A.     Count I: Breach of Contract

Defendants move to dismiss Plaintiff's breach of contract claim in its entirety for failure to comply with the Court's earlier Order.  (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. [14-1] at 6 of 23.)  As Defendants correctly state, the Court, in its prior, Order found Plaintiff's proposed breach of contract claim futile to the extent it was based on the allegation that Defendants Countrywide and Bank of America allowed MERS and BONY to foreclose.  (See Order, Dkt. [11] at 10 (denying Plaintiff's Motion for Leave to Amend Complaint to raise breach of contract claim "to the extent [it] [was] based on the allegation that Defendants Countrywide and Bank of America allowed other entities to foreclose").)  Despite this ruling, the Amended Complaint alleges that Defendants Countrywide and Bank of

9

America breached the mortgage agreement "by allowing Defendant MERS and Defendant BNY Mellon to foreclose on the Property . . . ." (Dkt. [12] ¶ 19.)

Plaintiff does not dispute Defendants' argument and concedes that the foregoing allegation was pled in the Amended Complaint in error and should be stricken. (Pl.'s Resp., Dkt. [16] at 4.) Accordingly, Defendants' Motion to Dismiss Plaintiff's breach of contract claim is **GRANTED**, to the extent the claim is based on the allegation that Defendants Countrywide and Bank of America allowed MERS and BONY to foreclose. Paragraph nineteen (19) of the Amended Complaint[5] accordingly is **STRICKEN**. The Motion is **DENIED**, however, with respect to the remainder of Count I.[6]

### B. Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants also move to dismiss Count II of the Amended Complaint, which sets out a claim for breach of the implied covenant of good faith and fair dealing, to the extent the claim is based on the allegation that Defendants

---

[5] This paragraph reads, "Defendants further breached the terms of the Mortgage Loan by allowing Defendant MERS and Defendant BNY Mellon to foreclose on the Property . . . ." (Dkt. [12] ¶ 19.)

[6] In particular, the Motion is denied to the extent Plaintiff's claim for breach of contract is based on the theory that Defendants Countrywide and Bank of America used threats of foreclosure to obtain payments from Plaintiff in excess of what was required under the terms of the Note.

10

Countrywide and Bank of America allowed other entities to foreclose. (Defs.' Mem., Dkt. [14-1] at 8-9.) Indeed, in paragraph twenty-five (25) of the Amended Complaint, Plaintiff alleges, "Moreover, Defendants acted in bad faith in their performance and enforcement of the Mortgage Loan by allowing [MERS and BONY] to foreclose on the Property . . . ." (Dkt. [12] ¶ 25.) Plaintiff concedes that this allegation was pled in error and should be stricken. (Pl.'s Resp., Dkt. [16] at 4.) Defendants' Motion to Dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing therefore is **GRANTED** to the extent the claim is based on the allegation that Defendants Countrywide and Bank of America allowed other entities to foreclose. Paragraph twenty-five (25) of the Amended Complaint accordingly is **STRICKEN**.

### C. Count III: Fraudulent Misrepresentation

In support of her claim for fraudulent misrepresentation, Plaintiff alleges that Defendants Countrywide and Bank of America threatened Plaintiff with foreclosure and promised her a permanent loan modification in order to extract from her greater monthly mortgage payments than that required under the terms of her original loan. (Am. Compl., Dkt. [12] ¶ 13.) Plaintiff alleges that these threats and promises were made between "2006 [and] October 2011" and "in

11

the months leading up to the foreclosure," which appears to have occurred on November 1, 2011. (Id. ¶ 14-16.) Defendants move to dismiss this claim, arguing that Plaintiff again has failed to meet the heightened pleading standard of Rule 9(b) by failing to plead with sufficient particularity the timing of the alleged misrepresentations. (Defs.' Mem., Dkt. [14-1] at 10-11.)

As explained in the Court's earlier Order [11], Rule 9(b) requires that fraud be pled with particularity. "[U]nder Rule 9(b), the Plaintiff[] must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997).

The Court agrees with Defendants that Plaintiff has failed to plead the alleged misrepresentations with sufficient particularity. Specifically, the Court concludes that Plaintiff has not pled the timing of the misrepresentations with enough specificity to meet Rule 9(b)'s heightened pleading standard. As stated above, Plaintiff alleges that the misrepresentations were made between "2006 [and] October 2011" and "in the months leading up to the foreclosure." These allegations fail to satisfy the requirements of Rule 9(b). Accordingly,

12

Defendants' Motion to Dismiss Count III of the Amended Complaint is **GRANTED**.

### D. Count IV: Negligent Misrepresentation

Plaintiff also raises a claim for negligent misrepresentation based on the same misrepresentations alleged to form the basis of her claim for fraudulent misrepresentation. In their Response to Plaintiff's Motion for Leave to Amend, Defendants argued that Plaintiff's failure to plead her claim with particularity precluded Defendants from asserting a potential statute of limitations defense. (Dkt. [10] at 19.) In light of Defendants having specifically raised the statute of limitations defense, the Court granted Plaintiff leave to amend her negligent misrepresentation claim to satisfy Defendants and the Court that the claim was not time-barred. (Order, Dkt. [11] at 16.) Defendants now argue that because Plaintiff has failed to allege the timing of the alleged misrepresentations with particularity, her claim is due to be dismissed. (Defs.' Mem., Dkt. [14-1] at 12.

As Defendants correctly pointed out in their Response to Plaintiff's Motion for Leave to Amend (Dkt. [10] at 19), claims for negligent misrepresentation are governed by a four-year statute of limitations. Hardaway Co. v. Parson, Brinckerhoff, Quade & Douglas Inc., 479 S.E.2d 727, 729 (Ga. 1997) (citing O.C.G.A. § 9-3-31). The statute of limitations begins to run on

13

the date of the plaintiff's injury, Hardaway, 479 S.E.2d at 730, which, in this case, is the date the foreclosure sale took place. Plaintiff has alleged that the foreclosure sale occurred on November 1, 2011. (Am. Compl., Dkt. [12] ¶ 16.) Based on this allegation, the Court is satisfied that Plaintiff's claim for negligent misrepresentation is within the applicable statute of limitations. Accordingly, Defendants' Motion to Dismiss Count IV of the Amended Complaint is **DENIED**.

### E. Count IX: Attorneys' Fees

Plaintiff also raises a claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11, alleging that "Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense." (Am. Compl., Dkt. [12] ¶ 51.) Plaintiff has failed to respond to Defendant's Motion to Dismiss with respect to this claim. The Motion to Dismiss accordingly is **GRANTED** as to Count IX.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [14] is **GRANTED in part and DENIED in part**. It is **GRANTED** with respect to Defendants MERS and BONY, against whom the Amended Complaint is dismissed in its entirety.

14

With respect to the remaining Defendants, Countrywide and Bank of America, the Motion to Dismiss is **GRANTED** as to Plaintiff's claim for breach of contract (Count I), to the extent the claim is predicated on the allegation, contained in paragraph nineteen (19) of the Amended Complaint, that Countrywide and Bank of America permitted MERS and BONY to foreclose. Paragraph nineteen of the Amended Complaint accordingly is **STRICKEN**. The Motion to Dismiss is **DENIED** as to the remainder of Count I.

The Motion to Dismiss also is **GRANTED** as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count II), to the extent the claim is based on the allegation, contained in paragraph twenty-five (25) of the Amended Complaint, that Defendants Countrywide and Bank of America allowed other entities to foreclose. Paragraph twenty-five (25) accordingly is **STRICKEN**.

The Motion to Dismiss is **GRANTED** as to Plaintiff's claim for fraudulent misrepresentation (Count III) but **DENIED** as to Plaintiff's claim for negligent misrepresentations (Count IV). Finally, the Motion to Dismiss is **GRANTED** as to Plaintiff's claim for attorneys' fees (Count IX).

AO 72A
(Rev.8/82)

**SO ORDERED**, this  17th  day of October, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE