**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOYCELYN ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-04263-RWS |
| COUNTRYWIDE HOME LOANS | : | |
| INC. and BANK OF AMERICA | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendants Countrywide Home

Loans Inc. ("Countrywide") and Bank of America Corporation's ("BOA")

Motion for Summary Judgment [19].  After a review of the record, the Court

enters the following Order.

### Background

As an initial matter, Plaintiff has failed to respond to Defendants

Countrywide and BOA's Motion for Summary Judgment [19] or Statement of

Material Facts [19-2].  The Statement of Material Facts ("SMF") is therefore

deemed admitted.  LR 56.1(B)(2)(a)(2) ("This Court will deem each of the

movant's facts as admitted unless the respondent: (i) directly refutes the

movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1)."). The facts set out by Defendants Countrywide and BOA are now relied upon by the Court.

Plaintiff Joycelyn Adams filed this suit against Defendants Countrywide and BOA, as well as Mortgage Electronic Registration Systems Inc. ("MERS") and the Bank of New York Mellon ("BNY Mellon"),[1] asserting claims for relief following the foreclosure of her home, located at 3718 Burling Ridge, Lithonia, Georgia 30038 (the "Property"). (SMF, Dkt. [19-2] ¶ 1.) On March 28, 2005, Plaintiff entered into a loan agreement with Countrywide in the principal amount of $202,500.00 (the "Loan") and executed a security deed conveying the Property to MERS as nominee for Countrywide (the "Security Deed"). (Id. ¶ 2.) In 2006, Plaintiff fell behind on her payments on the Loan, and on February 5, 2007, Plaintiff and her then-husband executed a Loan Modification

---

[1] MERS and BNY Mellon are no longer parties to this action. (See Order, Dkt. [18] (dismissing all claims against MERS and BNY Mellon).)

Agreement with Countrywide (the "Modification Agreement"), which adjusted the total indebtedness to $208,565.93 with monthly payments of $1,813.94. (Id. ¶¶ 3-4.) On June 29, 2011, MERS assigned the Security Deed to BNY Mellon, FKA the Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-backed Certificates, Series 2005-4 (the "Assignment"). (Id. ¶ 5.) On September 27, 2011, MERS executed a Corrective Transfer and Assignment of the Security Deed to BNY Mellon (the "Corrective Assignment"). (Id. ¶ 6.)

Plaintiff stopped making her scheduled payments on the Loan after January 19, 2011. (Id. ¶¶ 7-8.) Plaintiff made one payment on the Loan on August 22, 2011, in the amount of $515.48. (Id. ¶ 8.) Pursuant to the terms in the Security Deed, BNY Mellon foreclosed on the Property on November 1, 2011. (Id. ¶ 9.) At the time of foreclosure, BOA was the servicer of the Security Deed. (Id. ¶ 10.)

On November 7, 2011, Plaintiff filed a pro se action in the Superior Court of DeKalb County, seeking to set aside the foreclosure. On December 9, 2011, Defendants timely removed the case to this Court and filed a Motion to Dismiss by Special Appearance [2] for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

3

Plaintiff subsequently retained counsel and moved for an extension of time to file a motion for leave to amend her Complaint, which the Court granted on January 26, 2012.  (Order, Dkt. [7].)  On January 30, 2012, Plaintiff filed her Motion for Leave to Amend the Complaint [8], which the Court granted in part and denied in part (Order, Dkt. [11]).

Plaintiff, having been granted leave to re-plead certain claims with greater particularity, filed an Amended Complaint [12].  Plaintiff's Amended Complaint asserted nine counts:  breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), fraudulent misrepresentation (Count III), negligent misrepresentation (Count IV), wrongful foreclosure (Count V), accounting (Count VI), declaratory and injunctive relief (Count VII), punitive damages (Count VIII), and attorneys' fees (Count IX).

On May 8, 2012, Defendants moved to dismiss [14].  On October 17, 2012, the Court dismissed certain claims and parties from Plaintiff's Amended Complaint.  (Order, Dkt. [18].)  The Court granted the Motion to Dismiss against MERS and BNY Mellon, leaving only claims against Countrywide and BOA for breach of contract (Count I), breach of implied duty of good faith and fair dealing (Count II), negligent misrepresentations (Count IV), and wrongful foreclosure (Count V).  On February 15, 2013, Countrywide and BOA

4

(hereinafter, "Defendants") filed the Motion for Summary Judgment [19] that is currently before the Court.  Plaintiff has filed no response.  Because Plaintiff failed to respond, under Local Rule 7.1(B), Defendants' motion is deemed unopposed.

## Discussion

## I.    Legal Standard

Rule 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  The applicable substantive law

identifies which facts are material; a fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id. at 248. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under [Rule 56], the non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts").

6

**II.    Analysis**

Using the foregoing legal framework, the Court considers whether Defendants are entitled to judgment as a matter of law on Plaintiff's claims.

A.    Breach of Contract (Count I)

In what remains of Count I of the Amended Complaint, Plaintiff alleges breach of contract by Defendants.  (Am. Compl., Dkt. [12] ¶¶ 17-21.)  In support of this claim, Plaintiff alleges that Defendants breached the terms of the Loan agreement by "using the threat of foreclosure to require that Plaintiff make monthly payments in excess [of] what was required [in] the Note."  (Id. ¶ 18.)

Under Georgia law, the essential elements of a breach of contract claim are "(1) breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken."  St. James Entm't LLC v. Crofts, 837 F. Supp. 2d 1283, 1289 (N.D. Ga. 2011) (quoting Kuritzky v. Emory Univ., 669 S.E.2d 179, 181 (Ga. App. 2008)).  In this case, the undisputed facts show that Plaintiff entered into a Modification Agreement with Defendants, which adjusted her monthly payment on the Loan to $1,813.94.  (SMF, Dkt. [19-2] ¶ 5.)  The undisputed facts further show that Plaintiff then failed to make the required payments on her Loan after January 2011.  (Id. ¶¶ 7-8.)  Plaintiff has

7

put forward no evidence to support her allegation that Defendants breached the

Loan agreement by "using the threat of foreclosure to require that Plaintiff

make monthly payments in excess [of] what was required [in] the Note."  Nor

has Plaintiff put forward evidence showing that Defendants breached the Loan

agreement in any other way.  Defendants' Motion for Summary Judgment

therefore is **GRANTED** on Count I.

> B.     Breach of Implied Duty of Good Faith and Fair Dealing (Count II)

In Count II, Plaintiff alleges that Defendants breached an implied duty of

good faith and fair dealing by "using the threat of foreclosure and the promise

of a permanent loan modification" to require Plaintiff to make monthly

payments "in excess [of] what was required [in] the Note."  (Am. Compl., Dkt.

[12] ¶¶ 22-24.)  "[U]nder Georgia law, a claim for breach of the duty of good

faith and fair dealing cannot stand as an independent cause of action apart from

an underlying claim for breach of contract."  Irving v. Bank of Am., 497 F.

App'x 928, 930 (11th Cir. 2012) (citing Alan's of Atlanta, Inc. v. Minolta Corp.,

903 F.2d 1414, 1429 (11th Cir.1990); Onbrand Media v. Codex Consulting,

Inc., 687 S.E.2d 168, 174 (Ga. App. 2009)).  "General allegations of breach of

the implied duty of good faith and fair dealing not tied to a specific contract

provision are not actionable."  Am. Casual Dining, L.P. v. Moe's Sw. Grill,

L.L.C., 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing Alan's of Atlanta, Inc., 903 F.2d at 1429).  Simply put, "to state a claim for breach of the implied covenant, the plaintiff must be found to have stated a claim for breach of contract (since the implied covenant cannot be breached independently of an express contract term)."  Clark v. Aaron's, Inc., 1:11-CV-04283-RWS, 2012 WL 4468747, at *4 (N.D. Ga. Sept. 26, 2012).

The Court found in Part II.A., supra, that Plaintiff failed to establish the elements of a claim for breach of contract.  Absent a specific, actionable breach of contract claim, Plaintiff's claim for breach of implied covenant of good faith and fair dealing must fail.  As such, Defendants' Motion for Summary Judgment is **GRANTED** on Count II.

C.     Negligent Misrepresentation (Count IV)

In Count IV, Plaintiff alleges that Defendants negligently and falsely misrepresented to Plaintiff that "Plaintiff was required to make monthly payments in excess [of] what was required [in] the Note" in order to "keep her loan in good standing and to be considered for a permanent loan modification." (Am. Compl., Dkt. [12] ¶¶ 31-34.)  A successful claim of negligent misrepresentation requires a plaintiff to establish: "(1) the defendant negligently supplied false information to foreseeable persons, known or unknown; (2) such

9

persons reasonably relied upon that information; and (3) economic injury

proximately resulted from that reliance." <u>Am. Casual Dining, L.P.</u>, 426 F.

Supp. 2d at 1365-66 (citing <u>MacIntyre & Edwards, Inc. v. Rich</u>, 599 S.E.2d 15,

19 n. 14 (Ga. App. 2004)).

As stated above, Plaintiff has provided no evidence to support her

allegation that the Defendants supplied false information regarding Plaintiff's

required payments.  Nor has Plaintiff provided evidence that she relied upon

false information to her detriment.  Defendants' Motion for Summary Judgment

is **GRANTED** on Count IV.

    D.    <u>Wrongful Foreclosure (Count V)</u>

In Count V, Plaintiff alleges Defendants foreclosed on the Property

"notwithstanding the fact that Plaintiff was not in arrears at the time she began

receiving statutory foreclosure notices."  (Am. Compl., Dkt. [12] ¶¶ 35-37.)  To

prevail on a claim for wrongful foreclosure, a plaintiff must "establish a legal

duty owed to it by the foreclosing party, a breach of that duty, a causal

connection between the breach of that duty and the injury it sustained, and

damages." <u>Heritage Creek Dev. Corp. v. Colonial Bank</u>, 601 S.E.2d 842, 844

(Ga. Ct. App. 2004).  Plaintiff has failed to provide any evidence to establish

these elements.  Moreover, the undisputed evidence shows that Plaintiff made

AO 72A
(Rev.8/82)

only one payment on the Loan since January 2011 (SMF, Dkt. [19-2] ¶¶ 7-8) and thus was in default at the time of the foreclosure. Defendants' Motion for Summary Judgment is **GRANTED** on Count V.

## Conclusion

Based on the foregoing, Countrywide Home Loans, Inc. and Bank of America Corporation's Motion for Summary Judgment [19] is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**SO ORDERED**, this  9th  day of May, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

11